**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

M. A. BRYANT; VIVIAN BRYANT,
Plaintiffs-Appellants,

v.

No. 96-1161

UNITED STATES OF AMERICA; FARMERS
HOME ADMINISTRATION,
Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James C. Turk, District Judge.
(CA-91-145-A, BK-91-215-A)

Submitted: August 5, 1997

Decided: October 14, 1997

Before HALL and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert T. Copeland, COPELAND, MOLINARY & BIEGER, Abing-
don, Virginia, for Appellants. Robert P. Crouch, Jr., United States
Attorney, Julie C. Dudley, Assistant United States Attorney, Roa-
noke, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants, M. A. and Vivian Bryant, appeal from the district court's order granting summary judgment for the United States in the Bryants' civil action alleging that the Farmers Home Administration (FmHA) discriminated against them on the basis of their status as bankruptcy debtors when the FmHA denied their application for a loan and denied their request for a release of their debt as to a tract of land. We affirm.

This action originated in the bankruptcy court with the Bryants' complaint which claimed that the United States by its agency, the Farmers Home Association, violated the Bankruptcy Code's anti-discrimination provision of 11 U.S.C.A. § 525(a) (West Supp. 1997). The Bryants alleged that Robert Munsey and Harry Fleming, employees of the FmHA, improperly initiated an investigation into the disposition of property not included in the FmHA security interest, denied their application for a rural housing loan, and failed to properly stake out and have appraised a parcel of land the Bryants sought to use to obtain a Veteran's Administration loan. The district court withdrew the reference of this case from the bankruptcy court, and after a hearing on the United States' motion, the district court granted summary judgment in favor of the United States against the Bryants' claims.

Section 525(a) of the Bankruptcy Code provides:

> a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against . . . a person that is or has been a debtor under this title . . . solely because such bankrupt or debtor is or has been a debtor under this title.

2

11 U.S.C.A. § 525(a). This section does not prohibit governmental units from making credit decisions on the basis of a prior discharge in bankruptcy. See In re Goldrich, 771 F.2d 28, 30 (2d Cir. 1985) ("[S]ection 525 does not promise protection against consideration of the prior bankruptcy in post-discharge credit arrangements."); United States v. Cleasby, 139 B.R. 897, 899-900 (W.D. Wis. 1992) ("Applications for credit are distinct from applications for a `license, permit, charter, franchise, or other similar grant.'"). Rather, in determining whether to provide credit, consideration of the bankruptcy discharge "does not violate § 525(a) to the extent that the decision is part of an overall evaluation of purely economic criteria, such as future financial responsibility." Cleasby, 139 B.R. at 900 (citing 3 Collier on Bankruptcy at ¶ 525.02 (Lawrence P. King ed., 15th ed. 1991)).

All the evidence in the record supports the FmHA's contention that the loan was denied, not because of the Bryants' bankruptcy, but because of their lack of ability to repay the loan and their past credit history based on a credit report. On appeal, the Bryants argue that summary judgment was improper because the loan committee considered amounts that the Bryants owed under the bankruptcy plan and in deciding whether to issue the loan FmHA employees used a credit report, which included items covered by the bankruptcy filing. However, because the determination of whether to extend credit is not an application for a "license, permit, charter, franchise, or other similar grant," the FmHA's consideration of the Bryants' ability to repay and their past credit history does not implicate 11 U.S.C.A. § 525(a). See Cleasby, 139 B.R. at 900.

As to the Bryants' claim of discrimination with respect to their request for the partial release of the lien on a parcel of the land, the United States presented evidence that the amount the Bryants offered for the property was well below the appraised value and that the Bryants took no further action upon being so informed. The Bryants failed to present any evidence to refute the United States' evidence. See Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (party opposing motion must come forward with some minimal facts to show that summary judgment not warranted.).

Because the Bryants failed to present any evidence in support of their claims of discrimination on the basis of their bankruptcy status

3

with respect to the rural housing loan or the Veterans Administration loan, we affirm the district court's order granting summary judgment for the United States. Having previously granted the parties' joint motion for a decision on the briefs, we dispense with oral argument.

AFFIRMED